United States District Court
Eastern District of North Carolina
Western Division

Case No. 5:21-CT-3055
(To be filled out by Clerk's Office only)

FILED
FEB 17 2021
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Grant Haze 1113277, Tony Harris 0171742, Linwood Duffie 0113093, et al

Inmate Number 1113277

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Governor Roy Cooper, John Godfrey, Marshall Pike

**COMPLAINT**
(*Pro Se* Prisoner)

Jury Demand?
☒ Yes
☐ No

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

- [x] 42 U.S.C. § 1983 (state, county, or municipal defendants)

- [ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

- [ ] Action under Federal Tort Claims Act (United States is the proper defendant; must have presented claim in writing to the appropriate Federal agency and received a notice of final denial of the claim pursuant to 28 U.S.C. § 2401(b))

## II. PLAINTIFF INFORMATION

Name: Grant Haze 1113277, Tony Harris 0171742, Linwood Duffie 0113093, Daniel Strother 1597774, Curtis Cardwell 1165268, Kevin Mcqueen 0978352, Divine Pollard 1175455, Jerry Thompson 0406408, Ernie Walker

Harnett Correctional Inst. • P.O. Box 1569 • Lillington, NC 27546

## III. PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

- [ ] ~~Pretrial detainee~~  [x] ~~State~~  [ ] ~~Federal~~
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

**Defendant 1:** Governor Roy Cooper
Name

Governor of North Carolina
Current Job Title

Current Work Address
Raleigh           NC           27611
City              State        Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both

**Defendant 2:** John Godfrey
Name

Superintendent of Harnett Corr. Inst.
Current Job Title

1210 East McNeil St
Current Work Address

Lillington         NC           27546
City               State        Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both

**Defendant(s) Continued**

Defendant 3: Marshall Pike
Name

Assistant Superintendent of Harnett C.I.
Current Job Title

1210 East McNeil St.
Current Work Address

Lillington    NC    27546
City    State    Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both


Defendant 4: _____
Name

_____
Current Job Title

_____
Current Work Address

_____
City    State    Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☐ Both

## V. STATEMENT OF CLAIM

Place(s) of occurrence: Harnett Correctional Institution

Date(s) of occurrence: Since 2019 until the present and ongoing

State which of your federal constitutional or federal statutory rights have been violated:

8th Amendment of the US Constitution

State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.

FACTS:

> Who did what to you?

1) Defendant Gov. Roy Cooper has executive decision making authority over NC Dept. of Public Safety, which gives him control over all prisons in North Carolina, including Harnett Corr. Inst (H.C.I.). Def. Cooper's name and office is in the top left corner of all grievance responses.

2) The Plaintiffs in this instant case have all been housed in several dorms while at HCI, and our experiences with smokers has been consistent institution-wide.

3) Every dorm has 34 men living in an open dorm with 17 bunk beds. We share toilets, sinks, a water fountain and a shower.

4) HCI will not provide janitors with bleach for disinfecting and the same mop that is used to clean up bodily fluids in the bathroom, is used to spread around germs around our beds.

5) In every dorm, about half the men smoke K2 cigarettes, handrolled in brown paper towels that have been coated with a

thick layer of coffee paste, inorder to make it sticky.

6) Since the state has closed all of it's mental health facilities, the prisons are now packed with mentally ill persons and drug addicts, along with drug dealers.

7) Harnett is a mental health camp, so there are a lot of mentally ill people here. Since the COVID-19 pandemic, we have been locked down 23 hours a day with nothing to do all day but get high and watch TV. Depression is rampant.

8) Convicted felons who have long histories filled w/ substance abuse and dangerous-highrisk behaviors are locked in dorms with no shortage of K2 to smoke, and no rehabilitative activities to engage in. None. Just drugs. Pieces of regular looking paper that have been sprayed with a chemical, completely undetectable, and in high demand, are their only escape.

9) In every dorm, they smoke these handrolled K2 cigarettes, all day long, back to back, then nod off or become psychotic, paranoid, disoriented or physically sick - vomitting everywhere. This is all we see day and night.

10) This smell, like burning plastic, stays in the air all day. K2 is prison crack, and HCI is a straight crack house. The C.O.'s don't remove smokers, instead they warn them that sergeants, lieutenants or captains are coming and encourage them to spray a perfume mist inorder to mask the smell of smoke. Its all covered up.

11) The sergeants and lieutenants just shake their heads and/or laugh, never removing these smokers from our housing areas.

In response to our grievances, the institution tells us to do the C.O.'s jobs, and inform on the smokers which would get us beat up or killed. We sleep in open dorms where anyone can do anything to you while you're unconscious, so being a snitch is NOT an option. It wouldn't do any good anyway

because there is no room in the hole for smokers.

**What was your injury?**

12) Our individual experiences, detailed in our grievances attached hereto are incorporated by reference herein.

13) K2 smokers projectile vomit on people's beds and are unable to clean it up. They often wallow in their own vomit like they are swimming. They shake, seize, cry, stagger - and we have no protection from them. We are literally locked in a cage with these people, to fend for ourselves, which puts us at a substantial risk of harm in violation of the 8th Amendment of the U.S. Constitution. The administration is deliberately indifferent to the risk posed by being locked up w/ violent felons suffering from drug induced psychosis, and recklessly endangers us by NOT removing offending inmates from the general population. The officers cover up this problem by ignoring the smokers and the overdoses, which are numerous daily.

14) If they were to write people up for smoking, then the administrators wouldn't be able to claim that this is a smoke free facility. By not requiring officers to remove smokers and those who are obviously intoxicated, from housing areas, Def. Godfrey and Pike are tacitly approving of the customary practice of protecting this illegal activity that violates my 8th Amendment right by polluting my air and putting me at risk of being attacked.

15) By not reducing the prison population, Def. Roy Cooper is making my living conditions unsafe because there is no space to segregate violent offenders who are experiencing psychotic breaks from K2 on a daily basis.

16) Secondhand K2 smoke causes dizziness, nausea, coughing, nasal congestion, phlegm, itchy throat, eye irritation and overall respiratory stress which is especially hazardous during this COVID-19 pandemic. We have made the Defendants aware of this and they are indifferent to our suffering as well as the substantial risk of harm these conditions continue to pose to my safety.

Continued on page 7a

## VI. ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Have you filed a grievance concerning the facts relating to this complaint?  ☑ Yes  ☐ No
   If no, explain why not:

Is the grievance process completed?  ☐ Yes  ☐ No
   If no, explain why not:
   Most of the Plaintiffs' grievances have completed the appeals process, and are attached, but some have either been delayed or rejected by the institution inorder to prevent or postpone this legal action. By time screening is complete, all grievances will have been completed.

## VII. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

27) Compensatory damages for the physical suffering resulting from the inhalation of secondhand K2 smoke which caused year round congestion, scratchy throat, coughing spells, nausea and runny eyes. Damages for the emotional distress of being unable to sleep for fear that someone would throwup on you, attack you in your sleep or get into bed with you. The emotional distress of living in an open dorm where several inmates who have overdosed, have also vomitted on the floors, tables, water fountain and toilets you use. Knowing that their germs were just spread about with a wet mop because no disinfectant was used to clean up.

17) Defendants all have a duty to be informed about our living conditions and the rampant drug use occurring here at HCI. There are cameras in all of the living areas and intoxicated inmates can be seen staggering around, vomitting, acting out and "nodding-off" while 6 smokers sit slumped over all on one bed. The floor officers that do rounds every 30 minutes call these bunks, usually in the back of each dorm, the "smoking area" or "the hood". They come through and make jokes about the guys who have overdosed that are "stuck", meaning their bodies have locked up from a drug induced seizure and they look terrified like they're standing on the ledge of a ten story building. We all call this "twanking out."

18) These "cool C.O.'s" just ask these smokers to disperse when they do their rounds so they're not forced to acknowledge their illegal activities because "they are watching the cameras."

19) The stupified smokers aren't the problem, its the inmates like me, Grant Haze, Linwood Duffie and Tony Harris that draw the wrath of the administrators because we demand that our civil rights be protected.

20) A sergeant that I will not name, told me on 12/18/20 that HCI cannot create smoke free housing dorms because to do so would be to acknowledge

7a

that this is NOT a smoke-free facility. He told me that it's impossible to catch smokers because the "look-out inmates" shout warnings to them when the gaurds are still trying to unlock the gates to come in the dorms.

21) It is impossible to stop inmates from smoking K2, but it is not impossible to protect the nonsmokers from K2, it's smoke and it's effects on users.

22) Defendants can use urinalysis to detect K2 in smokers and separate them from nonsmokers or Defendants can let nonsmokers signup for smokefree housing dorms.

23) Defendants have the power to correct these inhumane conditions by creating smokefree housing dorms inorder to insure the health and safety of all captives in their charge.

24) Defendant Gov. Cooper knew or should've known that prison overcrowding would lead to 8th Amendment violations especially since Wake Co. Superior Court Judge Vince Rozier reviewed the NAACP's claims against Cooper through the lens of the 8th Amendment, in June 2020, and found prison conditions would likely be in violation.

25) Because prisons would need extra space for quarantining provisions, Gov. Cooper knew he would need to release thousands of inmates early, to insure safe prison operations in light of the COVID percautions - yet Def. Cooper refused to release a meaningful amount of prisoners, and as a result,

7b

HCJ doesn't have enough space to properly segregate offenders for disciplinary reasons. HCJ has been illegally holding inmates in 3x4 foot and 6x8 foot cages, with no cots or bathroom, sleeping on the cold floor in mold and filth for days. I have witnessed several inmates spending days in a 3x4 foot holding cage that 2 different Captains said has a 4 hour limit on. Jason Smith who sleeps on L4-5 spent 61 hours in such a cage and Jimmy Locklear who sleeps on L4-13, spent 48 hours in one.

26) The civil rights violations occurring at HCJ would shock the conscience of any juror. These officers are trained to commit atrocious acts with regularity. These 3x4 foot cages, where men would sleep curled up on the floor, 7 feet from an outside door that let in freezing wind gust, are directly in front of a camera that we are told was closely watched by the "top dogs up front", meaning Def. Pike or Godfrey. Even though these violations are not the subject of this instant case, I mention them to place this smoking grievance in the proper context of the culture nurtured by these Defendants. The human beings in these cages couldn't even stretch out without poking both legs through the bars and they slept on the floor for days, in some cases without a blanket.

Return to "page 8 of 10"

RELIEF continued... Defendants refuse to provide janitors w/ bleach. The distress of living in filth and being surrounded by zombified junkies staggering around in different states of drug induced psychosis - some paranoid and hostile, some in an intoxicated stupor or seizing, unable to walk or remember which bed is theirs. All day, the stress of having to baby sit grown men who have overdosed while the C.O.'s just laugh at them or shake their heads. The emotional distress of being treated like a snitch when smokers see us writing grievances or complaining about their smoking - which puts us in danger, just because we wish to breathe clean air.

28) Punitive Damages: for ignoring our complaints and trying to cover up the rampant drug abuse that Defendants Godfrey and Pike have been allowing. Punitive damages because Def. Cooper has allowed NC's prisons to be so overcrowded that Harnett's Administrators don't have the segregation cells to remove smokers from general population for disciplinary purposes. Wake Co. Superior Court Judge Vince Rozier ordered Def. Cooper to reduce the prison population in June 2020 and he did not do so in any meaningful way. Punitive Damages for knowingly subjecting tens of thousands of confined persons to contaminated air when all he had to do was create smoke free housing dorms for all nonsmoking inmates

8a

INJUNCTIVE RELIEF:

29) Order HCI to create smoke free housing units by posting signup sheets for smoke free housing in each dorm. Once inmates have had an appropriate amount of time to sign up, collect said list and segregate the inmate population accordingly. Its simple. Let the inmates requesting smoke free housing have it. This will eliminate the current conflicts between smokers and non smokers who are usually older civilian inmates (non-gang members) with health problems (COPD, asthma, emphazema or heart problems) who are currently being oppressed by the smokers and those profitting off the sell of K2. Most importantly however, this housing reassignment will remedy the civil rights issues created by depriving nonsmokers of clean air. It won't cost HCI any money to move all of the nonsmokers to one building.

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner? ☒ Yes ☐ No

If yes, how many? __1 other__ and __1__ ~~fed~~ habeas petition

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

Grant Haze v. Donnie Harrison, 5:15-ct-03109-BO
The Defendants and I reached a settlement on 12/1/20.

Grant Haze v. Katy Poole, 5:17-hc-02026-BR
Dismissed, Denied on Appeal

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Each Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

2/15/21
Dated

[signature]
Plaintiff's Signature

Grant Haze
Printed Name

1U3277
Prison Identification #

P.O. Box 1569   Lillington   NC   27546
Prison Address   City   State   Zip Code

Kevin McQueen    Kevin McQueen 0978352

Curtis Cardwell    Curtis Cardwell 1165268

Divine Pollard    "1175455"  Divine Pollard

[signature]    Jerry Thompson 0406408

Tony A Harris    Tony A Harris #0171742